UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NORTH RICHMOND SENIOR HOUSING, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES KARIM MUHAMMAD, <br><br> Defendant. | Case No: C 14-0299 SBA <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Docket 10 |

On December 6, 2013, Plaintiff North Richmond Senior Housing, Inc. ("Plaintiff") commenced the instant unlawful detainer action against Defendant James Karim Muhammad ("Defendant") in the Superior Court of California, County of Contra Costa. Compl., Dkt. 1. The complaint seeks possession of certain real property located at 1555 Fred Jackson Way #318, Richmond, California 94801. See id. On January 21, 2014, Defendant, proceeding pro se, removed the action to this Court on the basis of federal question jurisdiction. See Notice of Removal, Dkt. 1. The parties are presently before the Court on Plaintiff's motion to remand. Dkt. 10. For the reasons stated below, the Court GRANTS Plaintiff's motion, and REMANDS the instant action to the Superior Court of California, County of Contra Costa. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **DISCUSSION**

  A.  **Timeliness of Removal**

Plaintiff contends that remand is appropriate because Defendant did not timely remove this action. 28 U.S.C. § 1446(b) provides that a defendant must remove an action within 30 days after his receipt, through service or otherwise, of the initial pleading setting

forth the claim for relief upon which the action is based.  Here, Defendant admits that he received a copy of the complaint on December 8, 2013.  Notice of Removal ¶ 2.  However, he did not file a Notice of Removal until 44 days later on January 21, 2014.  Accordingly, because Defendant did not remove this action within 30 days of his receipt of the complaint, Plaintiff's motion to remand is GRANTED.

### B.    Federal Question Jurisdiction

Plaintiff contends that remand is also appropriate because there is no federal question apparent on the face of the complaint, which only alleges a claim for unlawful detainer.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' "  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-1089 (9th Cir. 2002) (alteration in original) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  " '[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' "  Republican Party of Guam, 277 F.3d at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).  Federal subject matter jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999).  In the case of a removed action, a district court must remand the case to state

court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendant contends that the Court has original jurisdiction over this unlawful detainer action "under the provisions of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 28 U.S.C. 1331." See Notice of Removal ¶ 11. According to Defendant, Plaintiff filed the instant action for the purpose of retaliating against him for filing a civil action against Plaintiff in April 2008. Id. ¶ 3. Defendant asserts that Plaintiff seeks to prevent him from prosecuting his lawsuit. Id. ¶¶ 3, 12. Defendant further asserts that Plaintiff conspired with "the Honorable Lowell Richards, Commissioner of the Superior Court . . . for the County of Contra Costa to deny [him his] . . . constitutional and statutory right to a trial by jury in order to prevent [him] from attending to the lawsuit [he] filed [against Plaintiff]" in violation of §§ 1983, 1985, and 1986. Id. ¶¶ 3, 13.

In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Plaintiff's complaint asserts a single claim for unlawful detainer and does not assert any federal claims. Thus, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction. Accordingly, Plaintiff's motion to remand is GRANTED.

## II. **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED.

2. The hearing currently scheduled for March 25, 2014 is VACATED.

1
2
3
4
5
6
7

     3.    The instant action is REMANDED to the Superior Court of California, County of Contra Costa.

     4.    The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 2/13/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 4 -